UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOSEPH RAETANO, individually,
    Plaintiff,

Case No: 8:11-cv-02694-T-27MAP

vs.

SFP OAK RAMBLE, LLC, a foreign limited
liability company; SFP OAK RAMBLE II, LLC,
a foreign limited liability company,
    Defendants.
_____/

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendants, SFP OAK RAMBLE, LLC and SFP OAK RAMBLE II, LLC (collectively "Defendants" of "SFP"), by and through their undersigned counsel, answer the Complaint filed by Plaintiff, JOSEPH RAETANO ("Plaintiff" or "Raetano") as follows:

1. Defendants are without knowledge and therefore deny the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit to the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit to the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. Defendants deny the allegations set forth in paragraph 6 of Plaintiff's Complaint.

1

7. Defendants deny the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. Defendants deny the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: STANDING

1. Plaintiff does not have Article III standing under the United States Constitution to seek an injunction against Defendant. To bring a cause of action for an injunction against Defendant under the ADA, Plaintiff must allege that he has an intent

to return to the place previously visited. Plaintiff alleges a desire "to visit Oak Ramble Shopping Center" but does not indicate that he has any real intention to return to the property. Plaintiff alleges the Defendants' Property is in Pinellas County, where Plaintiff resides. This allegation is not true and further evidences that Plaintiff has no real desire to return to a shopping center more than an hour in travel and 45 miles from his home in Dunedin.

## SECOND AFFIRMATIVE DEFENSE:
## LACK OF SUBJECT MATTER JURISDICTION

2. Plaintiff has not suffered an injury-in-fact at the hands of Defendants. Moreover, there is no case or controversy between Plaintiff and Defendants. As such, this Court lacks jurisdiction over this matter.

## THIRD AFFIRMATIVE DEFENSE:
## FAILURE TO PERFORM CONDITIONS PRECEDENT

3. Plaintiff has failed to meet all conditions precedent to the filing of this action. In failing to ever request or demand an accommodation from Defendants or Defendants' tenants prior to filing the instant action, Plaintiff has failed to perform all conditions precedent to the filing of this action.

4. In failing to ever visit or attempt to visit Defendants' property prior to the filing of this action or demand and receive "actual notice" that Defendants did not intend to comply with the relevant ADA provisions, Plaintiff has failed to perform all conditions precedent to the filing of this action.

## FOURTH AFFIRMATIVE DEFENSE:
## UNCLEAN HANDS

5. In this action, Plaintiff is seeking to invoke the extraordinary equitable powers of this Court notwithstanding their failure to act in equity, as shown by:

a. Plaintiff's failure to ever request or demand an accommodation from Defendants prior to filing this lawsuit;

b. Plaintiff's failure to put Defendants on notice of any alleged architectural barriers that impeded the access of any disabled individuals;

c. Plaintiff's failure to provide Defendants an opportunity to address any alleged impediments to its accommodations prior to the filing of this lawsuit;

d. Plaintiff's failure to investigate whether the structure at issue was constructed before or after January 26, 1993;

e. Plaintiff's false allegation that Defendants' property is located in Pinellas County, which shows that he has never been to the Defendants' property;

f. Plaintiff's false allegation that Defendants' property is in Pinellas County where Plaintiff resides further evidences that Plaintiff has no real desire to return to a shopping center more than one (1) hour in travel and forty-five (45) miles from Plaintiff's home in Dunedin;

g. Many of the listed alleged architectural barriers that have little or no connection with Plaintiff's disability;

h. Plaintiff's filing of this lawsuit is plainly an attempt to generate attorney's fees and recover those fees from Defendants;

i. Plaintiff's filing of numerous lawsuits similar to the instant action (i.e. predatory lawsuits against small businesses seeking injunctive relief and attorney's fees for alleged violations of Title III of the ADA and there is no bona fide intent to return to Defendant's premises for personal use;

j. Defendants' accommodations are easily accessible to persons in wheelchairs. Other than this lawsuit, Defendant has never received one complaint suggesting otherwise;

k. Plaintiff has intentionally misled this Court that he intended to use Defendants' property in the past and in the future for his own personal benefit. Rather, Plaintiff is merely a tester whose sole purpose is to bring vexatious lawsuits that that churn up attorneys' fees and expert fees for Thomas J. Ricci; and

l. The expert fees collected for Thomas J. Ricci are dependent upon the success of the lawsuit, which is contrary to law.

As such, Plaintiff is barred under the doctrine of unclean hands from obtaining the equitable relief sought.

## FIFTH AFFIRMATIVE DEFENSE:
## GOOD FAITH

6. Defendant has, at all times relevant hereto, attempted, in good faith, to comply with the relevant ADA requirements, which good faith should be taken into account, in accordance with 42 U.S.C. § 12188(5).

7. Defendants' accommodations are easily accessible to persons in wheelchairs.

## SIXTH AFFIRMATIVE DEFENSE:
## MOOTNESS

8. Even to the extent Defendants' Property was inaccessible to individuals with disabilities prior to the filing of this action, to the extent Defendants have altered its accommodations in compliance with the ADA; Plaintiff's action is moot.

## SEVENTH AFFIRMATIVE DEFENSE:
## LIMITATIONS

9. To the extent the Plaintiff is claiming that there were alterations that did not, to the maximum extent feasible, make the premises accessible to and usable by the Plaintiff, said claims are time barred by the applicable limitations period.

## EIGHTH AFFIRMATIVE DEFENSE:
## NOT READILY ACHIEVABLE

10. As to the alleged violations in paragraph 10, the requests made by Plaintiff are either technically infeasible or not readily achievable under the Americans with Disabilities Act ("ADA"). Moreover, in some respects, the building that is allegedly in violation contains pre-existing environmental conditions that prevent strict compliance with the ADA.

WHEREFORE, Defendants, SFP OAK RAMBLE, LLC and SFP OAK RAMBLE II, LLC, demand a judgment in their favor wherein the Plaintiff, JOSEPH A. RAETANO takes nothing in this action. In addition, Defendants demand judgment for the reasonable attorney's fee it has incurred in defending this action, including litigation expenses and costs pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1927 and any other relief, both legal and equitable, that this Court deems proper.

## DEMAND FOR JURY TRIAL

DEFENDANTS, SFP OAK RAMBLE, LLC and SFP OAK RAMBLE II, LLC, hereby demand a trial by jury on all issues so triable herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Clerk of the Court by using the CM/ECF system and to Barbra R. Joyner, Esquire

of the Law Office of Barbra R. Joyner, P.A., 1470 E. Michigan Street, Orlando, FL 32806 by CM/ECF and via regular U.S. Mail on this 30th day of January, 2012.

/s/ Robert L. Chapman, Esquire
Robert L. Chapman, Esquire
Florida Bar No.: 64748
BATTAGLIA, ROSS, DICUS & WEIN, P.A.
980 Tyrone Blvd.
St. Petersburg, Florida 33710
(727) 381-2300; (727) 343-4059 (facsimile)
rchap@brdwlaw.com

12-0007/#531140